UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

IN ADMIRALTY

CASE NO.

IN THE MATTER OF:

The Complaint of Estero Island Parasail, Inc.
as Owner of a 2009 Nautica Rib 18' 8" bearing
Hull Identification No. PTJ9633E909
its Engines, Tackle, Appurtenances, Equipment,
& ETC., in a cause of Exoneration from or
Limitation of Liability,

  Petitioner.
_____/

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

  Petitioner, Estero Island Parasail, Inc., as Owner of the 2009 18' 8" Nautica Rib bearing HIN: PTJ9633E909, its Engines, Tackle, Appurtenances, Equipment, Etc. (the "Vessel"), under Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims and the Middle District of Florida Admiralty and Maritime Practice Manual, files its Complaint for Exoneration from or Limitation of Liability, and alleges as follows:

  1. This is an admiralty and maritime action within the meaning of Rule 9(h), Federal Rules of Civil Procedure, and the Supplemental Rules of Admiralty or Maritime Claims.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et seq.*

3. Venue is proper in this district because: 1) the events, acts, and circumstances giving rise to this action occurred in the waters within or adjacent to this district, *i.e.,* navigable waters of the United States near Estero Island, Florida; 2) the Vessel is located within the district; and 3) Potential Claimant, Carol Bardon, has sued Petitioner in this district.

4. At all times pertinent to this Complaint, the Vessel was owned by Petitioner.

5. This Complaint is filed within six (6) months of Petitioner first receiving written notice of a claim arising of subject incident.

6. The Vessel is a 2009 18' 8" Nautica Rib bearing HIN: PTJ9633E909.

7. At all times material to this action, the Vessel was seaworthy; properly and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel, and appliances, all in good order and condition and suitable for their intended use.

8. On or about May 21, 2022, Claimant Carol Bardon was allegedly injured during the operation of the Vessel. The injuries occurred on a voyage on that date from Estero Island, Florida and scheduled to terminate at the same location.

9. On or about September 20, 2023 Carol Bardon (hereinafter "Claimant") filed suit against Petitioner in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, Case No. 23-CA-010569 (the "the underlying action"), seeking damages alleging , amongst other things, that "[Petitioner was] vicariously liable for the negligence of Paul Kenneth Zuman, it[sic] deckhands, and any other employees, or agents working on the tender vessel on the date of the incident under the doctrine of *respondeat superior*, and via operation of actual and apparent agency principal."

10. The incident at issue and any ensuing damages, death, personal injury and/or property loss were not caused by fault of the Petitioner, the Vessel, its' owner, or any person or entity for whose actions the owner is responsible. Neither the Petitioner, as owner of the Vessel, nor the Vessel or its crew are liable to the Claimant. Rather, the incident resulted from intervening superseding causes that were not reasonably foreseeable. As a result, neither the Petitioner, as owner of the Vessel, nor the Vessel or its crew are liable to the Claimant.

11. The Petitioner filed an Answer and Affirmative Defenses to the Claimant's Complaint denying the allegations of negligence and asserting affirmative defenses to the claims, including, amongst other things, that the damages claimed resulted from intervening and/or superseding causes, Claimant's contributory negligence, and the alleged incident was unforeseeable.

12. In the event the Petitioner was to be held liable to the Claimant, all losses, damages, and/or injury resulting from the incident were not caused by any neglect by the Vessel or Petitioner. Petitioner lacked privity and knowledge of any acts causing damage to the Claimant.

13. Thus, and without admitting liability, in the event the Vessel is held responsible to anyone by reason of the matters set forth above, Petitioner claims the benefit of the limitation of liability provided in 46 U.S.C. § 30501 *et seq.*

14. The Vessel sustained no significant damage in the incident described herein and has an estimated post-casualty value of Thirty Thousand Dollars ($30,000.00).

15. Petitioner alleges the amount of damages associated with the potential claims may exceed the amount of its interest in the Vessel.

16. Should the Court require it, Petitioner is prepared to give bond or stipulation for any amount as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner, as Owner of the Vessel, respectfully requests:

A. Upon filing of the *Ad Interim* Stipulation for Value and Costs herein described, this Court direct the Clerk of Court to issue the proposed Notice filed by Petitioner herein, which admonishes persons, firms or corporations asserting

claims for any and all losses, damages, injuries, death or destruction with respect to which Petitioner seeks exoneration from or limitation of liability to file their respective claims with the Clerk of Court and to serve on Petitioner' attorneys a copy thereof on or before the date specified in the notice;

      B.     Upon filing of the *Ad Interim* Stipulation for Costs and Value herein described, the Court issue the proposed injunction filed by Petitioner herein, which restrains the commencement or prosecution of any action or proceeding, specifically, the underlying action, of any kind against Petitioner, its underwriters, or any of their property with respect to any claim for which Petitioner seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Incident described in the Complaint;

      C.     If any claimant who shall have filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein and the amount of the *Ad Interim* Stipulation for Costs and Value as aforesaid, this Court shall cause due appraisement to be had of the value of the Vessel following the casualty and of the value of Petitioner's interest therein and pending freight, if any, and in which event this Court shall enter an Order for the filing of an amended stipulation for aggregate value, as so determined, of Petitioner's interest in the Vessel and its pending freight, if any;

D.  This Court adjudge Petitioner and the Vessel not liable to any extent whatsoever for any losses, damages, injuries or destruction or for any claim whatsoever done, occasioned, or incurred as the result of the matters and happenings referred to in this Complaint; or, in the alternative, if the Court should adjudge that Petitioner is liable in any amount whatsoever, that said liability may be limited to the value of the Petitioner's interest in the Vessel, and may be divided pro-rata among such claimants, if necessary; and that a judgement be entered discharging Petitioner and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioner or its property in consequence of or connected with the matters and happenings referred to in this Complaint; and

E.  The Court grant Petitioner such other and further relief that justice may require.

Dated:  November 28, 2023.

Respectfully Submitted,

By: _____
Arthur Cholodofsky, Esq.
Florida Bar No.: 770647
MINTZER SAROWITZ ZERIS LEDVA & MEYERS, LLP
*Attorneys for Estero Island Parasailing, Inc.*
1000 N.W. 57th Court, Ste. 300 Miami, FL 33126
Telephone:(305)774-9966
Email: acholodofsky@defensecounsel.com
miamipleadings@defensecounsel.com