UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTERO ISLAND PARASAIL,
INC., as Owner of a 2009 Nautica
Rib 18' 8" bearing Hull
Identification No. PTJ9633E909 its
Engines, Tackle, Appurtenances,
Equipment, and ETC., in a cause of
Exoneration from or Limitation of
Liability,

     Petitioner.

                       Case No.:  2:23-cv-1090-JLB-KCD

_____/

## <u>ORDER</u>

Before the Court is Petitioner's Ad Interim Stipulation of Value and Stipulation for Costs. (Doc. 6.)

Petitioner is the owner of a 2009 Nautical Rib (the "Vessel"), that was involved in a maritime accident on May 21, 2022, in the navigable waters near Estero Island, Florida. (Doc. 1.) According to the pleadings, passenger Carol Bardon was injured during the trip. (*Id.*) Bardon has filed a negligence action in state court concerning the incident. (*Id.*)

Petitioner now asks that the Court to (1) approve the ad interim stipulation of $30,000; (2) issue a monition and notice to all potential claimants; and (3) impose an injunction precluding the further prosecution of

any proceedings against Petitioner arising from any claims subject to limitation. (Doc. 6.)

The motion can be denied in short order because the ad interim stipulation is deficient. Petitioner has not complied with Rule F of the Supplemental Rules for Admiralty and Maritime Claims. Under subsection (1) of Rule F, a vessel owner must deposit with the court a sum equal to the amount or value of the owner's interest in the vessel and pending freight. Petitioner states that the value of the Vessel is $30,000. But rather than deposit that amount with the Court, Petitioner says he will do so in the form of a surety bond if a demand is made by any claimant or "after the entry of an Order confirming the report of a commissioner to be appointed to appraise the amount of value of the Petitioner's interest in the Vessel." (Doc. 6 at 2.) But none of these proposed actions follow the procedures for limitation actions set forth in Supplemental Rule F.

"The posting of proper and adequate security is a condition precedent to obtaining the benefits of the [Act], and [a] district court [has] discretion to require [an owner] to post security in one of the approved forms." *N.Y. Marine Mgrs., Inc. v. Helena Marine Serv.*, 758 F. 2d 313, 317 (8th Cir. 1985). Once the vessel owner complies with these provisions, the Act authorizes a court to stay all proceedings against the owner or the owner's property with respect to the matter in question, and to direct all potential claimants to file their claims

2

against the owner in federal court within a specified period. Fed. R. Civ. P. Supp. F(3), (4). The language of the stipulation here is like the language rejected by Judge Tuite in a Tampa case. *See In re Mongelli*, No. 8:23-cv-1618-TPB-CPT, 2023 WL 5104895, at *2-3 (M.D. Fla. Aug. 9, 2023). For the same reasons found by Judge Tuite, the ad interim stipulation (Doc. 6) is rejected.[1]

Accordingly, Petitioner's Ad Interim Stipulation of Value and Stipulation for Costs (Doc. 6) is **DENIED WITHOUT PREJUDICE**. Petitioner must refile a motion and supporting documents to cure the deficiencies in a similar fashion to those ultimately approved in the Tampa case by **January 10, 2024**. **ORDERED** in Fort Myers, Florida this December 27, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

---

[1] Petitioner did attach an "Affidavit of Value" from Harbor & Ocean Service Inc. to the Complaint. (Doc. 1-1.) The affidavit states that the value of the vessel is $32,000. (Doc. 1-1.) Yet the ad interim stipulation makes no mention of the affidavit, stating only that Petitioner will deposit a surety bond in the Court registry after the entry of an order confirming the report of a commissioner to be appointed to appraise the Vessel. (Doc. 2 at 2.) The affidavit and the stipulation don't seem to go together, nor does the motion for approval discuss the affidavit.